## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **RODNEY EUGENE SMITH,** )<br>)<br>**Petitioner,** )<br>)<br>**v.** )<br>)<br>**JOHN GAITHER,** )<br>**C.C.M., Federal Bureau of Prisons,** )<br>)<br>**Respondent.** ) | **Civil Action No. 1:08-0968** |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Application to Proceed *in forma pauperis* (Document No 4, pp. 4 - 8.), (2) Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Id., pp. 9 - 45.); and (3) Petitioner's Motions for Summary Judgment (Document Nos. 8 and 9.).[1] Having examined the record in United States v. Smith, Criminal No. 1:01-0007, and in this case, the undersigned respectfully recommends that Petitioner's Petition be construed as a Motion under 28 U.S.C. § 2255 and as such dismissed as a successive Motion.[2]

### FACT AND PROCEDURE

In early December, 2000, a Search Warrant was issued for Petitioner's residence (United States v. Smith, Criminal No. 1:00-0096), a Criminal Complaint was filed charging Petitioner and

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]   The undersigned notes that Petitioner has been a frequent litigator in this Court having initiated 9 other actions in this District since July, 2000.

a Warrant was issued for Petitioner's arrest (United States v. Smith, Criminal Nos. 1:00-0097 and 1:00-0098). Petitioner was arrested. A preliminary hearing was held. Probable cause was found that a crime had been committed and Petitioner had committed it, and Petitioner was held to answer in the District Court. Petitioner was released on bond. By Indictment filed on January 3, 2001, in United States v. Smith, Criminal No. 1:01-0007, Petitioner was charged with possessing firearms as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and presenting a false or fictitious instrument purporting to be an actual security issued under the authority of the United States with the intention to defraud in violation of 18 U.S.C. § 514(a)(2) (Count Two). (United States v. Smith, Criminal No. 1:01-0007, Document No. 45.) In addition to the charges contained in the Indictment, Petitioner was charged by Superseding Indictment filed on February 1, 2001, with a further instance of presenting fictitious instruments with the intent to defraud in violation of 18 U.S.C. § 514(a)(2) (Count Three), bankruptcy fraud in violation of 18 U.S.C. § 152(1) (Count Four), and twelve instances of wilfully filing false form 8300s in violation of 26 U.S.C. § 7206(1) (Counts Five through Sixteen). (Id., Document No. 65.) A Second Superseding Indictment was filed on August 8, 2001, eliminating Count Twelve of the Superseding Indictment. (Id., Document No. 129.) On September 6, 2001, a Jury determined that Petitioner was guilty as charged in all Counts (One through Fifteen) of the Second Superseding Indictment, and on September 7, 2001, the District Court entered judgment upon the Jury's verdict. (Id., Document Nos. 161 and 163.) The District Court sentenced Petitioner on December 3, 2001, to a 108 month term of imprisonment to be followed by a three year term of supervised release and required Petitioner

to pay a $1,500 special assessment and restitution. (<u>Id.</u>, Document No. 184.)[3] Petitioner did not appeal his conviction or sentence "electing instead to file frivolous jurisdictional and other challenges to the sentence imposed. Accordingly, the Judgment became final on or about December 26, 2001."[4] (<u>Id.</u>, Document No. 248.)

On October 18, 2002, Petitioner filed a document entitled Verified Emergency Petition to Arrest Judgment for Lack of Subject Matter Jurisdiction with Incorporated Memorandum of Law. (<u>Id.</u>, Document No. 216.) Thereafter, Petitioner filed an Addendum and an Affidavit in support of his Verified Emergency Petition. (<u>Id.</u>, Document Nos. 218 and 222.) The District Court indicated pursuant to <u>United States v. Emmanuel</u>, 288 F.3d 644, 649 (4th Cir. 2002), that it intended to consider Petitioner's Verified Emergency Petition under 18 U.S.C. § 2255 (<u>Id.</u>, Document No. 219.), and Petitioner indicated that he wanted the Petition considered on its merits (<u>Id.</u>, Document No. 223.). In view of Petitioner's position, by Memorandum Opinion and Order filed on January 13, 2003, the District Court denied Petitioner's Petition for lack of subject matter jurisdiction because Section 2255 was the only avenue available procedurally under which Petitioner's Petition could be considered and Petitioner rejected it. (<u>Id.</u>, Document No. 226.) By Memorandum Opinion and Order entered on September 9, 2003, the District Court converted two of Petitioner's Motions, apparently those comprising Document No. 244, to a Motion for relief pursuant to 28 U.S.C. § 2255

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 19, 2008. It appears therefore that he is currently on supervised release.

[4] Prior to trial in Criminal No. 1:01-0007, Petitioner contested the District Court's jurisdiction by document entitled Notice of Lack of Jurisdiction/Violation of Substantive Rights and an Affidavit filed on April 18, 2001, requesting dismissal of the criminal proceeding. (*Id.*, Document Nos. 99 and 100.) The District Court denied Petitioner's request by Order filed on August 28, 2001. (*Id.*, Document No. 143.)

and dismissing them pursuant to Section 2255's one year period of limitations. (Id., Document No. 248.) The District Court considered further Motions which Petitioner filed in 2004 and 2005 under Section 2255 and denied them. (Id., Document Nos. 359 and 361.) In August, 2007, the Fourth Circuit Court of Appeals denied Petitioner authorization to file a successive *habeas* application. (Id., Document No. 372.) Petitioner again raised a challenge to the District Court's jurisdiction in November, 2007. (Id., Document No. 386.) The District Court construed Petitioner's challenge under Section 2255 and denied it. (Id., Document No. 390.)

On July 28, 2008, Petitioner, proceeding *pro se*, filed his instant Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 and an Application to Proceed *in Forma Pauperis* in the United States District Court for the Middle District of Florida.[5] (Civil Action No. 1:08-968, Document No. 4, p. 3.) By Order entered on July 30, 2008, District Judge Elizabeth Kovachevich transferred the above action to this Court for further proceedings. (Id., p. 2.) In his Section 2241 Petition, Petitioner contends that his constitutional rights were violated as (1) West Virginia State Police stopped him without probable cause while he was driving his vehicle, arrested him without having an Arrest Warrant in their possession and turned him over to IRS agents on December 7, 2000 (Id., p. 25.); (2) West Virginia State Police and IRS agents searched his home and property without a valid Search Warrant in their possession and confiscated exculpatory evidence, and IRS agents obtained a Search Warrant based upon "tainted evidence to justify the search and seizure. The State Police had done an unauthorized investigation of Smith for the federal

---

[5] The undersigned notes that Petitioner has filed four other actions collaterally challenging his conviction and sentence, which have been dismissed by the United States District Court for the Middle District of Florida. *Smith v. Warden*, 5:08-0163 (M.D. Fla. June 16, 2008); *Smith v. Warden*, Civil Action No. 5:07-0031(M.D. Fla. Feb. 22, 2007); *Smith v. Warden*, Civil Action No. 5:06-0428 (M.D. Fla. Dec. 28, 2006); and *Smith v. Warden*, Civil Action 5:04-0276 (M.D. Fla. June 30, 2004.)

government. The West Virginia legislature has never authorized their police to perform any task for the federal government." (Id., pp. 25 - 26.); (3) Petitioner's attorney, Assistant Federal Public Defender Brian Kornbrath,[6] and the Assistant United States Attorney signed an agreement at Petitioner's arraignment to produce exculpatory evidence. The United States did not do so, and Petitioner "went to trial without any exculpatory evidence to form a defense and was subsequently convicted and sentenced to 108 months. Furthermore, the South Charleston County jail and the Beaver County jail law libraries were out-of-date and totally inadequate. * * * [He] was imprisoned in the county jails for thirteen (13) months." (Id., pp. 26 - 27.) Petitioner states that "[t]he issues presented herein were unknown by [him] acting as his own defense at the time of trial. The facts were willfully withheld by the prosecutor causing [him] to err in his defense. [He] became aware of the aforestated facts in December, 2004. [He] filed a successive 2255 with the West Virginia district court citing new evidence as justification. The court denied the 2255 as a successive motion without deciding the merits of the 2255. A COA was applied for and denied by the district court and the Fourth Circuit. Other motions were applied for and denied. Again, never were the newly discovered merits ever addressed." (Id., p. 27.) Petitioner asserts as follows:

1.    Smith's case is exactly like the Bivens case, and Bivens commands dismissal of this case as violations of unconstitutional acts occurred requiring the overturning of this case. (Id., p. 28.)

2.    Bivens and other Supreme Court cases forbid State authorities to arrest solely for the purpose of enforcing federal law, and this case must be dismissed on this issue alone. (Id., p. 32.)

3.    Evidence wrongfully obtained by the State Police in violation of the Fourth and Fifth Amendments and Supreme Court case law requires dismissal on this issue alone. (Id., p. 34.)

---

[6] Mr. Kornbrath moved to withdraw, and Petitioner proceeded to trial *pro se*.

4.  West Virginia State Police had no probable cause in arresting Smith: a Fourth Amendment violation denying the District Court subject matter jurisdiction, and this case must be dismissed . (Id., p. 37.)

5.  The West Virginia State Legislature never gave express consent to the West Virginia State Police to perform any tasks for the federal government and requires dismissal on this issue alone. (Id., p. 39.)

6.  The suppression of exculpatory evidence is a First, Fourth, Fifth and Sixth Amendment violation. Supreme Court case law requires dismissal on this issue alone. (Id.)

7.  Smith was wrongfully charged with gun possession in violation of 18 U.S.C. § 921(a)(20)(A), and this charge must be dismissed. (Id., p. 43.)[7]

Petitioner attaches as Exhibits a copy of the following: (1) the December 11, 2001, Final Judgment Order in Criminal No. 1:01-007 (Id., Document No. 4-2, pp. 1 - 2.); (2) the April 23, 2001, Affidavit of his wife stating that IRS agents searched Plaintiff's property on December 7, 2000, and "presented a Search and Seizure warrant with NO AFFIDAVIT affixed." (Id., pp. 3 - 4.); (3) his

---

[7] 18 U.S.C. § 921(a)(20)(A) provides that

(20) The term "crime punishable by imprisonment for a term exceeding one year" does not include – (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices . . ..

Petitioner states that he "was charged in 1992 with a commercial non-violent crime in the Northern District of New York . . .. [He] served six months for that offense. * * * [He] falls into the [18 U.S.C. § 921(a)(20)(A)] category of commercial crimes and not violent crimes." (Document No. 1, p. 23.) Count One of the Indictment in *United States v. Smith*, Criminal No. 1:01-0007, charged Petitioner with possessing firearms having been "convicted on or about September 17, 1992 in the United States District Court for the Northern District of New York, of three counts of the felony offense of filing false tax returns, in violation of 26 U.S.C. § 7206(1), and thirteen counts of the felony offense of making false statements, in violation of 18 U.S.C. § 1001. In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." Filing false tax returns is not a felony offense excluded under 18 U.S.C. § 921(a)(20)(A) and was appropriately utilized as a predicate felony offense to Petitioner's felon in possession charge. *United States v. Kruckel*, 1993 WL 765648, * 16 (D.N.J.)("[T]ax offenses are not 'similar' within the meaning of § 921(a)(20)(A).")

6

Freedom of Information Act requests to the West Virginia State Police in 2003 and 2004 (Id., pp. 5 - 22.); (4) the January 17, 2001, Arraignment Order and Standard Discovery Requests in Criminal No. 1:01-0007 (Id., pp. 23 - 28.); (5) the June 16, 2008, Corrected Order of Dismissal[8] and Judgment Order entered in the Smith v. Warden, Civil Action No. 5:08-0163 (M.D. Fla. Jun. 16, 2008) (Id., pp. 29 - 32.); (6) his June 25, 2008, "Motion to Reconsider the Denial of the Court's Order of June 16, 2008" as filed in Smith v. Warden, Civil Action No. 5:08-0163 (M.D. Fla. Jun. 16, 2008) (Id., pp. 33 - 36.); (7) the Application and Affidavit for Search Warrant in Case Number 1:00-m-0096 (Id., pp. 37 - 38.); (8) the Indictment as filed in Criminal Action 1:01-0007 (Id., pp. 39 - 40.); (9) the July 9, 1992, Warrant for Arrest as filed in the United States District Court for the Northern District of New York (Id., p. 41.); (10) this Court's docket sheet for Criminal Action 1:01-0007 (Id., pp. 42 - 49.); and (11) the March 13, 2006, "Addendum to Emergency Petition filed Dec. 27, 2004 Motion to Vacate and Void Judgment" as filed in this Court in Civil Action 1:05-0175 (Id., pp. 50 - 52.)

On November 12, 2008, Petitioner filed "Void Judgment Requested Pursuant to the Writ of Error Coram Nobis."[9] (Civil Action No. 1:08-1288, Document No. 1.) The undersigned entered his Proposed Finding and Recommendation on June 18, 2009, recommending that the District Court deny Petitioner's request for the issuance of a Writ of Error Coram Nobis. (Id., Document No. 19.) On June 29, 2009, Petitioner timely filed his objections. (Id., Document No. 20.) By Memorandum Opinion and Order entered on July 23, 2009, the District Court adopted the undersigned's

---

[8]  The United States District Court for the Middle District of Florida imposed a $50.00 pecuniary sanction "to hold the Petitioner accountable for his vexatious conduct and deter future repetition." (Document No. 4-2, p. 30.)

[9]  The undersigned notes that Petitioner's request for the issuance of a Writ of Error Coram Nobis states identical grounds as set forth in Petitioner's instant Section 2241 Petition. (Civil Action No. 1:08-1288, Document No. 1, pp. 7 - 24 and Civil Action 1:08-968, pp. 28 - 45.)

recommendation and dismissed Petitioner's case. (Id., Document Nos. 22 - 23.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed

or construed as a section 2255 motion." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." <u>Hill v. United States</u>, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. <u>Knight v. United States</u>, 37 F.3d 769, 772 (1st Cir.1994). <u>See</u> <u>United States v. Addonizio</u>, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. <u>See</u> <u>United States v. Emanuel</u>, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. <u>Theodorou v. United States</u>, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); <u>United States v. Essig</u>, 10 F.3d 968, 979 (3d Cir. 1993); <u>See also</u> <u>United States v. Maybeck</u>, 23 F.3d 888, 891 (4th Cir. 1994), <u>cert. denied</u>, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues

advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Petitioner's claims challenging his conviction are properly a matter for consideration under Section 2255, not Section 2241. Petitioner essentially contends that his conviction is invalid because his constitutional rights were violated in the underlying criminal proceedings. Specifically, Petitioner states that his conviction should be overturned because (1) he was arrested without probable cause, (2) his residence was searched without a valid search warrant, (3) "State Police done an unauthorized investigation of Smith for the federal government," and (4) the government withheld exculpatory evidence. Thus, his claims clearly falls within the scope of Section 2255 and beyond that properly contemplated under Section 2241. In view of his claims, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was "inadequate or ineffective" such that he should be entitled to resort to Section 2241. Petitioner's claims must therefore be considered under Section 2255. See Williams v. Felts, 2008 WL 2324607 (S.D.W.Va.)(District Judge Johnston). However, this is Petitioner's second or successive Motion under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Petition contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review
by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Although Petitioner contends that he has newly discovered evidence, he admits

that the Fourth Circuit denied him a screening certificate of merit based upon the allegedly newly

discovered evidence.[10] Nevertheless, this Court need not reach the issue of whether Petitioner's

Petition actually contains newly discovered evidence or presents a new rule of constitutional law.

"[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain

authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28

U.S.C. § 2244(b)(3)(A).[11] Petitioner has not obtained the necessary authorization from the Fourth

---

[10] Specifically, Petitioner states that "[t]he issues presented herein were unknown by [him] acting as his own defense at the time of trial. The facts were willfully withheld by the prosecutor causing [him] to err in his defense. [He] became aware of the aforestated facts in December, 2004. [He] filed a successive 2255 with the West Virginia district court citing new evidence as justification, The court denied the 2255 as a successive motion without deciding the merits of the 2255. A COA was applied for and denied by the district court and the Fourth Circuit." (Document No. 4, p. 27.)

[11] Title 28, Section 2244(b)(3) provides as follows:

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a

Circuit Court of Appeals for his successive motion. Accordingly, this Court is prevented by statute, 28 U.S.C. §§ 2244(b)(3) and 2255, from entertaining Petitioner's Petition.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in forma pauperis* (Document No 4, pp. 4 - 8.), Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Id., pp. 9 - 45.), and Petitioner's Motions for Summary Judgment (Document Nos. 8 and 9.), and **REMOVE** this action from the docket of the District Court.

Petitioner is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

---

second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge Faber and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

Date: August 7, 2009.

R. Clarke VanDervort
United States Magistrate Judge